UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NAVA-GONZALEZ,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

No. 1:26-cv-00879 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner was, at the time this case was filed, a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. The petition raised, *inter alia*, a Fifth Amendment Procedural Due Process challenge to the revocation of Petitioner's order of supervision ("OSUP") without pre-deprivation notice and an opportunity to be heard. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The district court ordered, by way of preliminary injunctive relief, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections. ECF No. 9. More recently, on June 18, 2026, the undersigned ordered the Parties to "submit any additional briefs on the merits, or any stipulation as to how this petition should be resolved, within 14 days from the date of this order. Following expiration of the deadline set

herein, the § 2241 petition will be deemed submitted on the papers pursuant to Local Rule 230(*l*)." ECF No. 11.

Petitioner filed a supplemental brief realleging all his arguments and claims set forth in previous pleadings and raising preventative arguments against a potential mootness challenge by Respondents. ECF No. 12 (citing Nielsen v. Preap, 586 U.S. 392, 403 (2019) ("Unless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). Respondents did not respond.

**II. Analysis**

For the reasons indicated in the Court's minute order granting a temporary restraining order and preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to due process. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vuong v. Becerra, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025); El-Ghazaly v. Chestnut, 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only (Count Two).

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. All pending motions, if any, be denied as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE